NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001222
27-OCT-2017
08:17 AM

NO. CAAP-14-0001222

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SEAN PAUL DI AMORE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-14-02868)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Plaintiff-Appellee State of Hawaii (State) charged Defendant-Appellant Sean Paul Di Amore (Di Amore) with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (2014).[1]  Following a bench trial, the District Court of

---

[1] HRS § 291E-61(a)(1) and (a)(3) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

             . . . .

        (3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

the First Circuit (District Court)[2] found Di Amore not guilty of OVUII under HRS § 291E-61(a)(1), but guilty of OVUII under HRS § 291E-61(a)(3).

I.

Di Amore appeals from the Judgment entered by the District Court on October 8, 2014. On appeal, Di Amore raises numerous points of error. We conclude that the dispositive point of error is Di Amore's contention that the District Court erred in admitting sworn statements of the Intoxilyzer supervisor, which were necessary to show that the Intoxilyzer used to determine Di Amore's breath alcohol concentration was in proper working order. Based on the Hawai'i Supreme Court's recent decision in State v. Davis, 140 Hawai'i 252, 400 P.3d 453 (2017), we conclude that the District Court erred in admitting the Intoxylizer supervisor's sworn statements and that the State therefore failed to lay a sufficient foundation for the admission of the result of Di Amore's breath test.[3] We reverse Di Amore's conviction for OVUII under HRS § 291E-61(a)(3).

II.

In Davis, as in this case, the defendant was found guilty of OVUII under HRS § 291E-61(a)(3) based on an Intoxylizer test result that showed that the defendant's breath alcohol concentration exceeded the legal limit.[4] In laying the foundation for admission of Davis's Intoxylizer test result, the State introduced an Intoxylizer supervisor's sworn statements verifying that on specified dates bracketing Davis's test, the Intoxilyzer was operating accurately when the supervisor

---

[2] The Honorable David W. Lo presided.

[3] The State introduced evidence that Di Amore's breath test showed that his alcohol concentration level was .102 grams of alcohol per 210 liters of breath, which was over the legal limit.

[4] Davis was initially charged with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3), but he was only orally arraigned at the commencement of trial under HRS § 291E-61(a)(3), and he was only convicted of the HRS § 291E-61(a)(3) violation. State v. Davis, 140 Hawai'i at 253, 400 P.3d at 454; State v. Davis, No. CAAP-12-0001121, 2015 WL 4067267, at *1 (Hawai'i App. June 30, 2015).

2

conducted the accuracy test.  Id. at 253-54, 400 P.3d at 454-55.
Other than the specified accuracy-test dates, the Intoxilyzer
supervisor's sworn statements in Davis were identical to the
Intoxilyzer supervisor's sworn statements in this case.  In both
Davis and in this case, the Intoxilyzer supervisor did not
testify at trial, and the trial court admitted the Intoxilyzer
supervisor's sworn statements over the defendant's hearsay
objection.

In Davis, the Hawaiʻi Supreme Court held that the
Intoxilyzer supervisor's sworn statements were inadmissible
because they did not fall within the hearsay exception for public
records under Hawaiʻi Rules of Evidence Rule 803(b)(8) (2016).
Davis, 140 Hawaiʻi at 262-65, 400 P.3d at 463-66.  The supreme
court concluded that without the Intoxilyzer supervisor's sworn
statements, the State failed to lay a sufficient foundation that
the Intoxilyzer was in proper working order when Davis's breath
test was administered, and therefore, the trial court erred in
admitting the result of Davis's breath test.  Id. at 265, 400
P.3d at 466.  The supreme court held: "As the breath test result
was wrongly admitted, the State failed to show that Davis's
breath alcohol concentration was .08 or more grams of alcohol per
210 liters of breath, an essential element of the offense of
OVUII under HRS § 291E-61(a)(3)."  Id.

III.

Based on the supreme court's analysis in Davis, we
conclude that: (1) the District Court in this case erred in
admitting the Intoxilyzer supervisor's sworn statements; (2)
without the Intoxilyer supervisor's sworn statements, the State
failed to lay a sufficient foundation that the Intoxilyzer was in
proper working order, and therefore, the District Court erred in
admitting Di Amore's breath test result; and (3) because the
breath test result was wrongly admitted, the State failed to show
that Di Amore's breath alcohol concentration exceeded the legal
limit.

We note that in <u>Davis</u>, the supreme court did not reverse Davis's conviction, but instead remanded the case for a new trial. <u>Id.</u> The supreme court remanded Davis's case for a new trial even though it held, by virtue of its determination on appeal that Davis's breath test result had been improperly admitted, that the State had failed to show that Davis's breath alcohol concentration exceeded the legal limit. <u>Id.</u> However, in <u>State v. Wallace</u>, 80 Hawai'i 382, 414 n.30, 910 P.2d 695, 727 n.30 (1996), the supreme court held that in determining whether Hawai'i's double jeopardy clause precludes retrial, the "sufficiency of the evidence is reviewed *based only on the evidence that was properly admitted at trial.*" Here, based on <u>Davis</u>, Di Amore's breath test result was "wrongly admitted," and it is obvious that without Di Amore's breath test result, the State did not present sufficient evidence to prove that Di Amore's breath alcohol concentration exceeded the legal limit. Accordingly, we reverse Di Amore's OVUII conviction under HRS § 291E-61(a)(3).

## IV.

Based on the foregoing, we reverse the District Court's Judgment.

DATED: Honolulu, Hawai'i, October 27, 2017.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge